[ECF No. 24]

THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | |
|---|---|
| HENRY KALIEF,<br><br>    Plaintiff,<br><br>  v.<br><br>CAMDEN COUNTY POLICE DEPARTMENT et al.,<br><br>    Defendants. | Civil No. 21-5729 (KMW/SAK) |

**OPINION AND ORDER**

This matter is before the Court on the Motion to Amend [ECF No. 24] filed by Plaintiff Henry Kalief. The Court received the opposition of Defendant Camden County Police Department ("Defendant" or "CCPD") [ECF No. 25] and Plaintiff's reply [ECF No. 26], as well as Defendant's sur-reply [ECF No. 27-1].[1] The Court exercises its discretion to decide Plaintiff's motion without oral argument. *See* FED. R. CIV. P. 78; L. CIV. R. 78.1. For the reasons discussed in detail herein, Plaintiff's motion is **DENIED**.

**I. BACKGROUND**

Plaintiff initially filed this action on February 15, 2021 in the Superior Court of New Jersey, Law Division, Camden County, asserting various claims against Defendants CCPD, United States Drug Enforcement Administration ("DEA"), CCPD/DEA Task Force, Task Force Officer "Perez," Task Force Officer "O'Donnell," United States Marshals Service Custodian of the Seized Asset

---

[1] Defendant CCPD sought permission to submit a proposed sur-reply limited to the issue of the timeliness of Plaintiff's motion, as addressed, *infra*.

Deposit Fund ("USMS Custodian of SADF"), and Officer Does 1–5 (collectively, "Defendants"). *See* Compl. at 2–5 [ECF No. 1].[2]  Plaintiff's claims arise out of a traffic stop that occurred on January 9, 2021 in Camden, New Jersey. *See id.* at 5.  Specifically, "Plaintiff, a black man, was driving his 2014 Jeep . . . when he was pulled over and stopped by the [CCPD] . . . in front of [his] father's house." *Id.*  Plaintiff contends no reason was given for the initial stop and maintains that there was no basis to conduct the stop.  After consenting to a search and allegedly providing notice of a "bag in the back seat containing $43,000.00 in cash that he was taking to his father's house," Plaintiff contends that Officer Does 1–5 took him to CCPD Headquarters to "discuss the money." *Id.* at 5–6.  Despite Plaintiff's explanation that the money was legitimate proceeds from his legal clothing business, Officer Does 1–5 contacted the local office of the DEA, which ultimately took possession of the money.[3] *See id.* at 7.  Plaintiff was later released and charged with three motor vehicle offenses and his vehicle was impounded. *See id.* at 8.

Shortly thereafter, Plaintiff filed his complaint alleging the following three counts against all Defendants: (1) violations of the Fourth and Fourteenth Amendments under 42 U.S.C. § 1983; (2) violations of the New Jersey Civil Rights Act, N.J.S.A. 10:6-1 *et seq.*; and (3) a replevin action pursuant to N.J.S.A. 2B:50-1 *et seq.* and N.J. Ct. R. 4:61-1 *et seq. See id.* at 12–22.  Defendants subsequently removed the action to federal court.

Following the initial scheduling conference, a Scheduling Order was entered prescribing, *inter alia*, that the deadline for amendments to the pleadings would expire on September 15, 2021. *See* Order ¶ 5 [ECF No. 10].  On August 27, 2021, a Stipulation of Dismissal was filed as to

---

[2] Plaintiff's complaint has numerous paragraphs that share the same number.  To avoid confusion, all references to the complaint made herein will be by page number.
[3] Because Defendant DEA was engaged in an active "Joint Task Force" with Defendant CCPD (*i.e.*, Defendant CCPD/DEA Task Force), Defendant Task Force Officers Perez and O'Donnell, both employees of CCPD and the CCPD/DEA Task Force, were the individuals who physically took possession of Plaintiff's money on behalf of the DEA. *See id.* at 6–7.

2

Defendants DEA, CCPD/DEA Task Force, Task Force Officers Perez and O'Donnell, and the USMS Custodian of SADF (collectively, "Federal Defendants"). *See* ECF No. 16. Plaintiff later clarified that, pursuant to the parties' settlement agreement, Plaintiff's money was returned, and all Federal Defendants were dismissed with prejudice. *See* Letter, Oct. 3, 2021 at 2. [ECF No. 18]. As a result, CCPD is now the only remaining Defendant in the action.[4]

The Court held two status conferences with the parties thereafter on October 4, 2021 and March 3, 2022. Following the latter conference, an Amended Scheduling Order was issued which, *inter alia*, extended the deadline for seeking amendments to the pleadings through March 10, 2022. *See* Order ¶ 2 [ECF No. 23]. Plaintiff filed the instant motion on March 4, 2022.

Plaintiff now seeks to amend his complaint to modify the format of the pleading to conform with federal court, to substitute in the actual names of now-identified individuals, and to add a new claim for conspiracy. *See* Huizenga Decl. ¶ 8 [ECF No. 24-1]. Attached to the motion is a copy of his proposed First Amended Complaint ("FAC") [ECF No. 24-3].[5] Plaintiff's proposed FAC adds the following individuals as defendants: Edward Melton, Peter Sanchez, George Lewis, III, Brandon Galloza, Alberto Soto, Arman Peco, Colin Wetmore, and Craig Adair. *See* FAC ¶¶ 7–14. But for Mr. Adair, who is a member of the Pennsauken Police Department, the proposed parties are all members of Defendant CCPD. *See id.* Plaintiff's proposed FAC asserts three claims against all Defendants: (1) violations of the Fourth and Fourteenth Amendments under 42 U.S.C. § 1983;

---

[4] Plaintiff acknowledges that Defendants Task Officers Perez and O'Donnell "were actually *both* Federal actors *and* New Jersey State actors because of the nature of their position as members of a hybrid 'Joint Federal State Task Force.'" Mot. Br. at 2 n.1 [ECF No. 24-2]. However, Plaintiff asserts that the settlement agreement "included a waiver against them for any actions that they may have taken in a 'State actor' capacity," and thus, all claims against them have been dismissed. *Id.*
[5] Plaintiff's motion fails to include a "marked-up" version of the proposed amended pleading that indicates in what respects it differs from his complaint, as required by Local Civil Rule 15.1(a)(2). However, in the interests of expediency, the Court nevertheless considers the motion. *See Stavitski v. Safeguard Props. Mgmt., LLC*, No. 17-2033, 2018 WL 501646, at *2 (D.N.J. Jan. 22, 2018).

(2) violations of the New Jersey Civil Rights Act, N.J.S.A. 10:6-1 *et seq.*; and (3) conspiracy to violate civil rights. *See id.* ¶¶ 31–50.  Despite the aforementioned changes, the proposed FAC largely mirrors Plaintiff's initial complaint.  More specifically, significant portions of the proposed pleading remain substantively unchanged, including sections containing the factual background and legal claims.  Plaintiff asserts that he only recently learned the names of these newly proposed parties, who were previously identified as "Does," on December 15, 2021, based on Defendant's discovery responses. *See* Huizenga Decl. ¶¶ 6–7.  Plaintiff further asserts that the instant motion was "filed immediately upon receipt of [this] information," and therefore, Plaintiff argues that his motion should be granted. *Id.* ¶ 9.

Defendant CCPD opposes Plaintiff's motion, arguing that it should be denied as untimely, or in the alternative, because the proposed amendment is futile.  In sum, Defendant contends that it produced the discovery underlying Plaintiff's motion on June 30, 2021—contrary to Plaintiff's assertion that he first received it on December 15, 2021. *See* Def.'s Opp'n at 1, 4–7.  Defendant further contends that, even if the motion was timely, it must be denied as futile because, *inter alia*, the proposed amendment fails to set forth a single factual allegation against the CCPD or any of the newly proposed defendants. *See id.* at 1, 7–9.  In addition to failing to set forth a basis for his proposed conspiracy claim, Defendant also contends Plaintiff fails to submit any facts in support of his "baseless" allegations that Defendant and the proposed parties "committed perjury, filed a false police report, and manufactured evidence." *Id.* at 8.  Lastly, Defendant argues that Plaintiff is unable to establish he was unlawfully stopped on January 9, 2021, since he pleaded guilty to a downgraded charge in connection with the stop. *Id.* at 8–9.  Accordingly, Defendant argues that in the absence of a constitutional violation, Plaintiff is unable to maintain a claim against the CCPD or any of its officers. *See id.* at 9.

In his reply, Plaintiff characterizes Defendant's timeliness argument as bizarre, insofar as Defendant conveniently ignores the fact that the deadline for seeking amendments was extended from September 15, 2021 to March 10, 2022 by the March 3, 2022 Amended Scheduling Order. *See* Order ¶ 2. Because it is undisputed that Plaintiff filed his motion on March 4, 2022, he argues Defendant's timeliness argument should be disregarded as "factually incorrect." Pl.'s Reply at 6. Plaintiff further argues that his motion is otherwise timely under Rule 15. While Plaintiff concedes that he received the information underlying the proposed amendment on June 30, 2021, by way of Defendant's initial disclosures, Plaintiff maintains that the information was insufficient at the time to support seeking such an amendment. *See id.* at 6. Specifically, Plaintiff contends that, "[o]f the 20 law enforcement officers named and identified in [Defendant's] early disclosures as persons who had general information about the matter, actual discovery revealed that only 8 of the 20 was or could be legally culpable." *Id.* This "actual discovery" that allegedly establishes the culpability of the proposed parties was not provided to Plaintiff until December 2021. *See id.* at 7. Thus, since "Plaintiff's counsel moved promptly" to seek the amendment, Plaintiff argues his motion is timely. *Id.* Finally, Plaintiff objects to Defendant's futility arguments. *See id.* at 7–9. Plaintiff appears to argue, in part, that Defendant's attacks on his proposed conspiracy claim are misguided because they rely upon "a typo" that Plaintiff intends to correct if the motion were granted. *Id.* at 8 n.3 (contending "what was submitted [with the motion] was inadvertently the last before final draft"). Accordingly, Plaintiff argues the proposed amendment is neither untimely nor futile, and therefore, his motion should be granted.

In response,[6] Defendant CCPD seeks to address new arguments raised for the first time in Plaintiff's reply, and to clarify its argument on the issue of timeliness. *See* Def.'s Sur-Reply at 1

---

[6] Defendant CCPD sought leave to file a proposed sur-reply pursuant to Local Civil Rule 7.1(d)(6) to address new arguments raised by Plaintiff in his reply, and to rebut alleged mischaracterizations

[ECF No. 27-1].  To start, Defendant alleges that Plaintiff mischaracterizes its timeliness argument in its entirety. *See id.*  Defendant asserts it does not dispute that the deadline to seek amendments was extended, and instead, argues "that there is simply no reason why Plaintiff could not have filed the instant motion on or before September 15, 2021, as required by the original Scheduling Order." *See id.* (citing ECF No. 10).  Defendant notes that in his motion, Plaintiff claims to have not known the identity of the officers involved in the traffic stop until Defendant provided responses to written discovery on December 15, 2021. *See id.*  In its opposition, Defendant establishes this discovery was actually produced to Plaintiff on June 30, 2021, and argues this alone demonstrates "Plaintiff could have and should have filed [his] motion sooner." *See id.* at 2.  In reply, Plaintiff concedes this point, but also argues for the first time that the initial disclosures were insufficient to establish "who had actually acted wrongly." Pl.'s Reply at 6 (contending Plaintiff is not "clairvoyant" and, therefore, could not have "moved to amend sooner").  Plaintiff further argues that the additional discovery was critical to establishing the culpability of the proposed defendants, which included, at least in part, CCPD's "own internal affair reports." *See id.* at 7.  Defendant responds by alleging

---

of Defendant's position on the issue of timeliness. *See* Def.'s Letter, Apr. 1, 2022 [ECF No. 27]. Plaintiff vehemently opposes Defendant's request, arguing, *inter alia*, that the filing constitutes a flagrant violation of the Rules that must be stricken from the docket. *See* Pl.'s Letter, Apr. 8, 2022 at 4 [ECF No. 28].  The Court, however, is not persuaded by Plaintiff's arguments and, instead, finds his logic to be wanting.  Nothing in the Local or Federal Rules requires that a party seeking permission to file a sur-reply brief must do so by motion.  Nor is there anything to strike from the record since the request has not yet been addressed.  In any event, the Court agrees with Defendant and finds Plaintiff offers new arguments in his reply brief to which Defendant should be permitted to respond. *See Laurens v. Volvo Car USA, LLC*, No. 18-8798, 2020 WL 10223641, at *6 n.9 (D.N.J. Dec. 8, 2020) (granting the defendant permission to file a sur-reply brief where the plaintiff "raised a number of new arguments in her reply brief").  Therefore, the Court will grant the request, but only to the extent that Defendant's proposed sur-reply does not exceed the permissible scope of argument. *See Bayer AG v. Schein Pharm., Inc.* 129 F. Supp. 2d 705, 716 (D.N.J. 2001), *aff'd*, 301 F.3d 1306 (3d Cir. 2002) ("It is axiomatic that reply briefs should respond to the respondent's arguments or explain a position in the initial brief that the respondent has refuted."); *see also SmithKline Beecham PLC v. Teva Pharms. USA, Inc.*, Nos. 04-215, 05-536, 2007 WL 1827208, at *1 (D.N.J. June 22, 2007) ("Principles regarding reply briefs also apply to sur-reply briefs.").

Plaintiff "omits key facts from his reply brief," contending he possessed the relevant discovery on or before September 15, 2021. *See* Def.'s Sur-Reply at 2.  Specifically, Defendant cites to and attaches as an exhibit a copy of Plaintiff's initial disclosures, which was served upon Defendant on October 8, 2021. *See id.*; *see also* Ex. 2 to Def.'s Sur-Reply.  Included as "Exhibit A" with the disclosures is a collection of documents titled: "Various reports from the [CCPD] and documents related to the plaintiff." Ex. 2 at 2.  These documents contain details of the incident underlying the action, including the proposed parties' names and their connections to the incident.  Based on the foregoing, Defendant maintains that Plaintiff's explanation for his failure and/or inability to seek the amendment sooner is meritless and warrants denying the motion.

**II.      DISCUSSION**

    **A.  Legal Standard**

"Federal Rule of Civil Procedure 15(a)(2) provides a liberal standard for motions to amend: '[t]he court should freely give leave when justice so requires.'" *Spartan Concrete Prods., LLC v. Argos USVI, Corp.*, 929 F.3d 107, 115 (3d Cir. 2019).  Notwithstanding this liberal standard, "[d]enial of leave to amend can be based on undue delay; bad faith or dilatory motive on the part of the movant; repeated failure to cure deficiencies by amendments previously allowed; prejudice to the opposing party; and futility." *Mullin v. Balicki*, 875 F.3d 140, 149 (3d Cir. 2017) (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962); *United States ex rel. Schumann v. AstraZeneca Pharm. L.P.*, 769 F.3d 837, 849 (3d Cir. 2014)); *see United States ex rel. Thomas v. Siemens AG*, 593 F. App'x 139, 144 (3d Cir. 2014) (citation omitted) ("A motion to amend a complaint is committed to the sound discretion of the district court.").

"'Futility' means the pleading, as amended, would fail to state a claim upon which relief could be granted," and is analyzed under the same standard of legal sufficiency as a Rule 12(b)(6)

motion to dismiss. *Evans v. City of Philadelphia*, 763 F. App'x 183, 185–86 (3d Cir. 2019) (citation omitted). The Court's inquiry is whether the proposed pleading sets forth "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007). More specifically, the Court's analysis involves three steps:

> First, [the Court] will note the elements of a claim; second, [the Court] will identify allegations that are conclusory and therefore not assumed to be true, and; third, accepting the factual allegations as true, [the Court] will view them and reasonable inferences drawn from them in the light most favorable to [the non-movant] to decide whether they plausibly give rise to an entitlement to relief.

*Sweda v. Univ. of Pa.*, 923 F.3d 320, 326 (3d Cir. 2019) (internal quotations and citations omitted). Although a pleading does not need detailed factual allegations to survive a 12(b)(6) attack, Rule 8 demands more than just labels and conclusions. *See Twombly*, 550 U.S. at 555 (citations omitted); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("Rule 8 . . . demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation."). In particular, a pleading that merely offers a "formulaic recitation of the elements of a cause of action will not do." *Iqbal*, 556 U.S. at 678.

### B. Analysis

Defendant CCPD argues Plaintiff's motion to amend is untimely and futile, and therefore, must be denied. The Court agrees and finds that Plaintiff's proposed amendment is futile because it suffers from, *inter alia*, impermissibly vague group pleading that fails to provide fair notice of the claims asserted and the grounds upon which the claims rest. The Court also finds there has been an unexplained or at least incomplete account for Plaintiff's delay in seeking the proposed amendment, which has resulted in unfair prejudice to the parties. Therefore, the Court will deny Plaintiff's motion to amend for the reasons that follow.

### 1. Proposed Conspiracy Claim

Plaintiff seeks to assert a claim for conspiracy to violate civil rights against all Defendants and alleges as follows:

> In the present case the defendants named herein conspired with each other to violate plaintiff's civil rights by committing perjury, filing false police reports, and manufacturing evidence to justify their illegal actions in their illegal policy of always seizing money made [*sic*] black man in Camden whether there is legal justification or not.

FAC ¶ 50. While this claim consists of three paragraphs, the excerpt reproduced above is the only paragraph that attempts to assert anything of substance. The first paragraph merely repeats and realleges the allegations that precede it, and the second paragraph amounts to no more than a terse recitation of the elements of the proposed cause of action. *See id.* ¶¶ 48–49.

To state a claim for conspiracy under 42 U.S.C. § 1983, a plaintiff must allege that "persons acting under color of state law conspired to deprive him of a federally protected right." *Murphy v. Middlesex Cty.*, 361 F. Supp. 3d 376, 389 (D.N.J. 2019) (citation omitted). More critically, a claim for conspiracy to violate civil rights "must show an understanding or 'meeting of the minds' with facts demonstrating an agreement and concerted action." *Id.* (quoting *Startzell v. City of Phila.*, 533 F.3d 183, 205 (3d Cir. 2008)); *see Great W. Mining & Mineral Co. v. Fox Rothschild LLP*, 615 F.3d 159, 178 (3d Cir. 2010) ("[T]o properly plead an unconstitutional conspiracy, a plaintiff must assert facts from which a conspiratorial agreement can be inferred."). Absent direct evidence, an agreement or meeting of the minds may be established by circumstantial evidence, such as by identifying interactions between the alleged conspirators, the approximate timing of the agreement, the parties to the agreement, and the period or object of the conspiracy. *See generally Murphy*, 361 F. Supp. 3d at 389.

While an agreement or understanding may be inferred from circumstantial evidence, the proposed FAC contains no specific factual allegations from which an agreement or understanding involving any of the proposed parties could be shown or even inferred.  Instead, the proposed claim relies entirely on the mere conclusory allegation that "the defendants named herein conspired with each other to violate plaintiff's civil rights." FAC ¶ 50.  As a result, the proposed conspiracy claim amounts to no more than a bald assertions or conjecture.  In other words, the proposed amendment not only fails to establish the requisite elements of Plaintiff's civil conspiracy claim but also fails to satisfy federal pleading requirements. *See generally Great W. Mining & Min. Co.*, 615 F.3d at 178 (quoting *Iqbal*, 556 U.S. at 679) ("[P]leadings that, because they are no more than conclusions, are not entitled to the assumption of truth.").  Because Plaintiff's proposed FAC fails to allege any plausible ground from which an agreement or meeting of the minds could be inferred, the Court finds that his proposed conspiracy claim is futile.

### 2. Proposed Officer Defendants

Plaintiff's proposed amendment also seeks to substitute eight officers as defendants who were previously identified as "Defendant Officer Does 1–5."  Plaintiff contends he did not know the identity of the officers until December 15, 2021.  The record appears to partially contradict this contention, and the Court finds Plaintiff possessed the requisite discovery to establish the identity of the officers as early as October 2021.  Nevertheless, of the eight officers, only one is specifically identified by name outside of the section aptly titled as "The Parties." *See* FAC ¶¶ 15–16.  Plaintiff otherwise merely replaces "John Does 1–5" with references to "various defendants named herein" or "the named defendants." *See id.* ¶¶ 17, 18–19.  Notably, the following paragraph is the only new material added to the proposed pleading's factual allegations:

> There is no basis to seize plaintiff's money and there is no basis to impound plaintiff's vehicle.  The only reason why the named defendants herein seize

> plaintiff's money and vehicle is because plaintiff was is [*sic*] black man in pursuant to policy and time a black man in Camden is found in cash please seize it whether there is a lawful basis to or not. You're the collective named defendants conspired with each other like, commit perjury, file false police records in an attempt to justify illegal actions just described.

*Id.* ¶ 22.

Mere conclusory allegations against the defendants as a group, which fail to allege their personal involvement, are insufficient to survive a 12(b)(6) attack. *See, e.g.*, *Branch v. Christie*, No. 16-2467, 2018 WL 337751, at *3 (D.N.J. Jan. 8, 2018) (citation omitted). A plaintiff must set forth facts that establish each individual defendant's liability for the misconduct alleged. *See id.* When a number of different defendants are named in a complaint, a plaintiff cannot refer to all of the defendants "who occupied different positions and presumably had distinct roles in the alleged misconduct" without specifying precisely "which defendants engaged in what wrongful conduct." *Id.* (alterations and citation omitted). Otherwise, a complaint that contains "impermissibly vague group pleading" will be dismissed. *Id.*; *see, e.g.*, *Aruanno v. Main*, 467 F. App'x 134, at 137–38 (3d Cir. 2012) (affirming the dismissal of a section 1983 action where the plaintiff sued defendants collectively and failed to allege the personal involvement of the individual defendants).

Here, Plaintiff fails to make the requisite distinctions with respect to the proposed parties. Apart from listing the proposed defendants in the section titled "The Parties," Plaintiff does not otherwise differentiate between the eight defendants he seeks to add. Instead, the proposed FAC refers to the defendants collectively. *See, e.g.*, FAC ¶¶ 17–50.[7] Even in describing each individual proposed defendant, the proposed FAC does no more than assert conclusory allegations concerning

---

[7] While Plaintiff briefly references proposed Defendant Melton by name, as previously discussed, no other proposed party is specifically mentioned in any other section of the proposed pleading.

each party. *See id.* ¶¶ 7–14.  In fact, each of these paragraphs reads verbatim but for the proposed party's name, and in one case, their place of business. *See id.*  Even when referring to the proposed parties collectively, Plaintiff fails to set forth plausible allegations as to the alleged wrongdoing of any particular defendant. *See, e.g.*, ¶¶ 41, 47, 50.  Thus, the Court finds Plaintiff's proposed FAC contains impermissibly vague group pleading which renders the amendment futile.  Accordingly, Plaintiff's motion to amend must be denied for futility.

### 3. Prejudice Caused by Plaintiff's Delay

The futility of the proposed amendment by itself mandates that Plaintiff's motion to amend be denied.  This notwithstanding, the Court finds that it would be remiss to overlook or forgo the delay caused by Plaintiff's lack of diligence in pursuing the proposed amendment.  The Court notes Plaintiff's explanation as to how and when he ascertained the identities of the proposed defendants has evolved throughout the briefing.  Initially, Plaintiff claimed it was through Defendant CCPD's discovery responses on December 15, 2021. *See* Huizenga Decl. ¶¶ 6–7.  However, Plaintiff later clarified that he received the discovery on June 30, 2021, by way of Defendant's initial disclosures, but also argued that the information was insufficient at the time to support seeking an amendment. *See* Pl.'s Reply at 6.  The Court finds that Plaintiff's ever-evolving explanation for his delay, be it three months or nine, to be troubling.  Given the proposed FAC's failure to assert any facts tying the proposed defendants to the claimed misconduct, it is not even clear the December 15, 2021 discovery formed the basis for the proposed amendment.  The existing parties have a right to have the case against them determined within a reasonable timeframe. Adding new parties and claims would require discovery, likely involve motion practice, and inevitably prolong the proceedings.  In other words, Plaintiff's unexplained delay would unfairly prejudice the parties.

The Third Circuit has emphasized that "prejudice to the non-moving party is the touchstone for the denial of the amendment." *Bechtel v. Robinson*, 886 F.2d 644, 652 (3d Cir. 1989) (quoting *Cornell & Co., Inc. v. Occupational Safety & Health Rev. Comm'n*, 573 F.2d 820, 823 (3d Cir. 1978). To establish prejudice, the non-moving party must demonstrate that allowing the amended pleading would: (1) require the non-moving party to expend significant additional resources to conduct discovery and prepare for trial; (2) significantly delay the resolution of the dispute; or (3) prevent a party from bringing a timely action in another jurisdiction. *See Long v. Wilson*, 393 F.3d 390, 400 (3d Cir. 2004). Delay alone, however, does not justify denying a motion to amend. *See Cureton v. Nat'l Collegiate Athletic Ass'n*, 252 F.3d 267, 273 (3d Cir. 2001). Rather, it is only where delay becomes "'undue,' placing an unwarranted burden on the court, or . . . 'prejudicial,' placing an unfair burden on the opposing party," that denial of a motion to amend is appropriate. *Adams v. Gould Inc.*, 739 F.2d 858, 868 (3d Cir. 1984); *see, e.g.*, *Padilla v. Twp. of Cherry Hill*, 110 F. App'x 272, 277–78 (3d Cir. 2004) (affirming denial of a motion to amend to substitute real identities for fictitious officer defendants in a section 1983 action based on, in part, the plaintiff's "failure to diligently determine the officers' names" and because the proposed amendment would prejudice the opposing parties).

Here, the Court finds Plaintiff's motion must be denied for the separate and independent reason that his lack of diligence in ascertaining the officers' identities and seeking the proposed amendment has rendered the resulting delay prejudicial. If the motion were granted, Defendant would clearly be prejudiced. It would be required to expend significant additional resources to conduct discovery and prepare for trial. The resolution of the case would also be significantly delayed. While delay alone may not justify denying a motion to amend, the futility of Plaintiff's proposed amendment requires it. Therefore, the Court denies the motion in its entirety.

### III.     CONCLUSION

Accordingly, for the foregoing reasons,

**IT IS HEREBY ORDERED** this **2nd** day of **June**, **2022**, that Plaintiff's Motion to Amend [ECF No. 24] is **DENIED**.

s/ Sharon A. King<br>
SHARON A. KING<br>
United States Magistrate Judge

cc:  Hon. Karen M. Williams, U.S.D.J.